UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00250-RJC
(3:17-cr-00253-RJC-DCK-1)

| | |
|---|---|
| **DEREK JOSEPH PARKER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion to Reverse" brought under Federal Rule of Civil Procedure 59(e). [CV Doc. 12].[1]

On July 7, 2017, Petitioner Derek Parker ("Petitioner") was charged in a Criminal Complaint with drug trafficking conspiracy, namely heroin, in violation of 21 U.S.C. §§ 846 and 841(a) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). [CR Doc. 1: Criminal Complaint]. On August 24, 2017, Petitioner pleaded guilty in accordance with a plea agreement reached between the parties. [CR Doc. 16: Acceptance and Entry of Guilty Plea]. As a term of the plea agreement, Petitioner agreed the factual basis was true and accurate. [CR Doc. 13: Plea Agreement]. In the factual basis, Petitioner acknowledged that a December 30, 2016 sale of heroin conducted by Petitioner in Matthews, North Carolina, resulted in his customer dying of an overdose. [CR Doc. 14: Factual Basis]. Further, as part of the plea agreement, the parties agreed to recommend a Base Offense Level of 38 under U.S.S.G.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00250-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00253-RJC-DCK-1.

§2D1.1(a)(2) because death or serious bodily injury resulted from the use of the substance. [CR Doc. 13 at ¶ 8].

After Petitioner was sentenced and judgment entered on his conviction, Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. [CR Doc. 32]. The Fourth Circuit dismissed Petitioner's appeal, finding that Petitioner "knowingly and voluntarily waived his right to appeal" and the sentencing issue he sought to raise fell squarely within that waiver. [CR Doc. 49].

On May 31, 2019, Petitioner filed a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. [CV Doc. 1]. He made various claims of ineffective assistance of counsel against his attorneys, including during the plea stage and at sentencing. One of Petitioner's claims against his sentencing attorney was that his attorney failed to argue that there was "no evidence" to determine whether the heroin sold by Petitioner was the "sole cause" of the victim's death, allowing Petitioner to face "harsher penalties." [Id. at 4-8]. The Court, in a 14-page Order, denied and dismissed Petitioner's motion to vacate on the merits, fully addressing each of Petitioner's arguments. [See CV Doc. 10].

Plaintiff now moves the Court, pursuant to Rule 59(e), "to reverse its order and judgment" dismissing Petitioner's motion to vacate. [CV Doc. 12]. Petitioner argues that after he was sentenced, he received "a copy of the Autopsy Report and discovered evidence" that "clears Petitioner of the liability for the overdose death." [Id. at 1]. Petitioner further claims that "the Autopsy Report compels an evidentiary hearing, at the very least, to determine whether exculpatory evidence was concealed from Petitioner and the court and whether Petitioner was misadvised regarding the application of the CSA, his plea and admission of guilt." [Id.]. Petitioner argues that the Court "failed to consider newly discovered evidence that Petitioner's representation during plea and sentencing fell below reasonable standards, because it is not conclusive that the

2

drug overdose was the result of heroin possessed and distributed by Petitioner." [Id. at 2].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Section 2255 Motion, nor does the instant motion stem from an intervening change in the applicable law. Petitioner claims that he received the Autopsy Report on which he relies "after sentencing." [CV Doc. 12 at 1]. Yet Petitioner makes no mention of this allegedly exculpatory Autopsy Report in his Section 2255 Motion, [see CV Doc. 1 at 8, 19; see CV Doc. 8 at 8-9], and he provides no justification for this failure now, Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("[I]f a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the

3

evidence during the earlier proceeding.") (citation and internal quotations omitted).  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Reverse" [Doc. 12] is **DENIED**.

Signed: December 15, 2020

Robert J. Conrad, Jr.
United States District Judge